# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **MAHON** | * | **CIVIL ACTION** |
| | * | |
| **VERSUS** | * | **NO. 20-2396** |
| | * | |
| **JEAN PELLOAT, ET AL.** | * | **SECTION "L" (5)** |
| | * | |

## ORDER AND REASONS

Before the Court is Defendants Bruce M Danner, Jean P Pelloat, and Barney Tyrney's Motion to Dismiss for Failure to State a Claim, R. Doc. 5. Plaintiff Joseph R. Mahon, Jr. filed an opposition to Defendants' motion, R. Doc. 19, to which Defendants replied, R. Doc. 22.

## I.     BACKGROUND

Plaintiff Joseph R. Mahon, Jr. filed this action under 42 U.S.C. § 1983 against Defendants Jean P. Pelloat, Bruce M. Danner, and Barney Tyrney in their official and individual capacities as the duly-elected Mayor of Madisonville, the duly-appointed Town Attorney for Madisonville, and the duly-appointed Chief of Police for the Madisonville Police Department. R. Doc. 1. Plaintiff, a resident of Madisonville, Louisiana, asserts that on or about March 12, 2020, he erected a sign on the side of his house in response to a Louisiana Legislative Auditor's Advisory Services Report on the Town of Madisonville ("Madisonville") on March 12, 2019. *Id.* at 3-6. Mr. Mahon asserts that the Auditor's Report contained numerous areas in need of corrective action. *Id.* at 4-5. Plaintiff explains that his two signs were intended to address issues in the Auditor's Report, as well as issues concerning Defendants Jean Pelloat and Bruce Danner, which Plaintiff "believed to be true, accurate, and of public concern." *Id.* at 5-6. Plaintiff's two signs read:

**THE LOUISIANA LEGISLATIVE AUDITOR**
**OFFICE INSPECTION IDENTIFIED PROBLEMS**

(Report 3-13-19) Policies and Procedures – Finance Committee – Bank Reconciliations – Collections – Non-Payroll Disbursements – Credit Card – Travel and Expense Reimbursements – Contracts – Payroll and Personnel – Ethics – Collections – Traffic Tickets – Municipal Classification – Town Charter – Capitol Assets
**IS THIS WHAT YOU WANTED?**

----

**THE LYING MAYOR**
**JEAN PELLOAT**
Increased his pay %80 – Payed Town Attorney $650,000 + for an old wooden building – Increased tax collection rates – Increased traffic tickets – Destroyed Rampart St.

*Id.* at 5-6.

Plaintiff claims that on March 13, 2019, Officer Tyrney, the Madisonville Chief of Police, visited his home and informed him that the signs violated city ordinance Sec. 36-87, which restricts signage in residential districts. *Id.* at 2; R. Doc. 18-1 at 2. Officer Tyrney allegedly explained that the signs were problematic due to their size and content and because they reflected opinions that are political in nature. R. Doc. 1 at 6. Plaintiff avers that despite claiming his First Amendment right to free speech, Officer Tyrney warned that Plaintiff would be criminally cited if he refused to comply with the ordinance. *Id.* at 6. In response, Plaintiff asserts that he moved the signs from his home to the fence on his property. *Id.* at 7-8. On March 17, 2020, Officer Tyrney issued a criminal citation to Plaintiff in connection with ordinance violation. *Id.* at 7. On July 13, 2020 Plaintiff appeared before the Mayor's Court in Madisonville regarding his Motion to Quash, which was subsequently denied. R. Doc. 18-1 at 2. Plaintiff then filed a petition in the Mayor's Court for a trial *de novo* to review this ruling. *Id.* at 1. Plaintiff also faces a separate criminal prosecution for his signs. *Id.* at 9.

On September 1, 2020, Plaintiff brought the instant lawsuit alleging (1) Free Speech Retaliation under 42 U.S.C. § 1983; (2) violations of the Fourteenth Amendment/Equal Protection

Clause; and (3) *Monell* liability pursuant to 42 U.S.C. § 1983. *Id.* at 9, 12. Plaintiff argues that he engaged in constitutionally protected activity by posting signs on his property, and Defendants infringed on his First Amendment rights by sending Officer Tyrney to Plaintiff's home and bringing criminal charges against Plaintiff. *Id.* at 10. Plaintiff claims that Defendants' conduct constitutes free speech retaliation pursuant to 42 U.S.C. § 1983, causing an injury "that would chill a person of ordinary firmness from continuing to engage in that protected activity." *Id.* at 9-10. Second, Plaintiff alleges that Defendants are "infringing on his constitutional right to equal protection by their selective prosecution of Plaintiff." *Id.* at 13. Plaintiff contends that Defendants "intentionally treated [him] differently from other similarly-situated residents of Madisonville, with respect to the display of signs," and have no rational basis for their disparate treatment. *Id.* at 12. Plaintiff asserts that Defendants are not entitled to qualified immunity with regard to his Section 1983 and Fourteenth Amendment claims because Defendants' actions lacked objective reasonableness. *Id.* at 10-13. Lastly, Plaintiff asserts *Monell* liability against Defendants, arguing that at the time of his injury Defendants were the "final policymakers for the local governmental subdivision of Madisonville," as well as "the moving force behind the constitutional violations." *Id.* at 14.

Defendants deny Plaintiff's allegations and assert various affirmative defenses.

## II.     PRESENT MOTION

Here, Defendants Pelloat, Danner, and Tyrney seek to dismiss the claims filed against them in their official capacities pursuant to Federal Rule of Civil Procedure Rule 12(b)(6). R. Doc. 5. Plaintiff filed an opposition to this motion, to which Pelloat, Danner, and Tyrney replied. R. Docs. 19, 22.

## III.     LAW AND ANALYSIS

### a.  *Rule 12(b)(6)*

The Federal Rules of Civil Procedure permit a defendant to seek a dismissal of a complaint based on the "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A complaint should not be dismissed for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). To survive a Rule 12(b)(6) motion to dismiss, a complaint must include factual allegations that are "enough to raise a right to relief above the speculative level," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Particularly, "a plaintiff must plead specific facts, not mere conclusory allegations." *Elliott v. Foufas*, 867 F.2d 877, 881 (5th Cir. 1989). The complaint must also "state a claim to relief that is plausible on its face," *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). When ruling on a motion to dismiss, a court must construe facts in the light most favorable to the nonmoving party, *id.*, and it "must accept as true all of the factual allegations contained in the complaint." *Twombly*, 550 U.S. at 572 (quoting *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 508 n. 1 (2002)). A court "do[es] not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions." *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005).

Typically, a court considering a motion to dismiss is confined to the four corners of the complaint. *Morgan v. Swanson*, 659 F.3d 359, 401 (5th Cir. 2011). However, a court may also consider documentary evidence attached to a motion to dismiss "if [it is] referred to in the plaintiff's complaint and [is] central to her claim." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 499 (5th Cir. 2000) (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987

F.2d 429, 431 (7th Cir. 1993)). As the Fifth Circuit explained, consideration of such documents is appropriate because "[i]n so attaching, the defendant merely assists the plaintiff in establishing the basis of the suit, and the court in making the elementary determination of whether a claim has been stated." *Id.*

> **b.** *28 U.S.C. Section 1983*

"Section 1983 is intended to hold governing bodies liable for official municipal policies that deprive individuals of their constitutional rights. *Monell v. Department of Social Servs.,* 436 U.S. 658, 690-91 (1978). "Municipal liability under [Section 1983] requires proof of 1) a policymaker; 2) an official policy; 3) and a violation of constitutional rights whose 'moving force' is the policy or custom." *Rayborn v. Bossier Parish Sch. Bd.*, 881 F.3d 409, 416-17 (5th Cir. 2018); *Monell*, at 694. For individuals, "[t]he performance of official duties creates two potential liabilities, individual-capacity liability for the person and official-capacity liability for the municipality." *Turner v. Houma Mun. Fire & Police Civ. Serv. Bd*., 229 F.3d 478, 484 (5th Cir. 200). A government official can be held personally liable if a Plaintiff can show "that the official, acting under color of state law, caused the deprivation of a federal right." *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). To hold someone liable in his or her *official* capacity, "the entity's 'policy or custom' must have played a part in the violation of federal law." *Id*.

Unlike individual capacity suits, official-capacity suits "generally represent only another way of pleading an action against an entity of which an officer is an agent." *Monell v. Dep't of Social Servs.,* 436 U.S. 658, 690 n. 55, (1978). The United States Supreme Court held that "[a]s long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Kentucky*, 473 U.S. at 166. Therefore, an official capacity suit against a municipality and its officers is redundant.

*Tucker v. City of Shreveport*, No. CV 17-1485, 2019 WL 961993, at *11 (W.D. La. Feb. 27, 2019) (holding that "[a]n official capacity suit against a municipal officer duplicates a suit against the officer's municipality"). *See also Turner v. Fire &Police Civil Serv. Bd.*, 229 F.3d 478, 483 (5th Cir. 2000). Accordingly, the Fifth Circuit has held that district courts may dismiss official capacity claims against the municipal officials when the municipality is also sued. *See Castro Romero v. Becken*, 256 F.3d 349, 355 (5th Cir. 2001) ("The district court was also correct in dismissing the allegations against all of the municipal officers and two of the employees of the Corps of Engineers in their official capacities, as these allegations duplicate claims against the respective governmental entities themselves.); *Flores v. Cameron Cty.*, 92 F.3d 258, 261 (5th Cir. 1996) ("the district court . . . dismissed the claims against them in their official capacities as redundant with the claims against Cameron County.").

Here, Plaintiff has sued Defendants Pelloat, Danner, and Tyrney in their individual and official capacities as the Mayor of Madisonville, the Town Attorney for Madisonville, and the Chief of Police for the Madisonville Police Department. R. Doc. 1. Plaintiff also asserts *Monell* liability against Madsonville, naming it as an additional defendant. *Id.* at 14. Pursuant to the clear Supreme Court and Fifth Circuit guidance, the claims against Pelloat, Danner, and Tyrney in their official capacities are duplicative and therefore must be dismissed. Accordingly,

**IT IS HEREBY ORDERED** that Defendants Bruce M Danner, Jean P Pelloat, and Barney Tyrney's Motion to Dismiss for Failure to State a Claim, R. Doc. 5, is **GRANTED.** The claims against Defendants Bruce Danner, Jean Pelloat, and Barney Tyrney in their official capacities are hereby dismissed. The claims against these defendants in their individual capacities remain, as well as the claims against Madisonville.

New Orleans, Louisiana, this 4th day of March 2021.

_____

Judge Eldon E. Fallon